THEODORE BRINCKERHOFF, APPELLANT, *v.* HENRY BOSTWICK, AS RECEIVER, &c., AND OTHERS, RESPONDENTS.

*National bank—right of a stockholder to sue the directors and a receiver for waste of funds—comptroller must first be asked to sue—U. S. R. S.,* 5234, 5239.

This action was brought by the stockholder of a national bank, against the bank, a receiver thereof, appointed by the comptroller of the currency, and its directors, the complaint charging the directors with misconduct and neglect in discharging the duties of their office, to the damage and injury of the bank; it also alleged that the plaintiff had demanded of the receiver that he should bring an action against the directors for the said causes, and that he had refused to do so.

*Held,* that, as under section 5234 of the United States Revised Statutes, a direction from the comptroller is required to authorize a receiver to bring an action, the complaint was defective in not alleging a demand upon the comptroller for, and a refusal by him of a direction requiring the receiver to bring the said action.

*Semble,* that an improper refusal on the part of the comptroller of the currency to prosecute or direct the receiver to prosecute such an action, would authorize the stockholders to sue in their own behalf in a State court, making the corporation or its representative a party defendant to the action.

APPEAL from a judgment entered upon an order sustaining a demurrer interposed to the complaint, on the ground that the court did not have jurisdiction of the action, and that the complaint did not contain facts sufficient to constitute a cause of action, and an appeal also from an order granting an extra allowance.

The action is brought by a stockholder of the National Bank of Fishkill, on behalf of himself and all the stockholders, against the directors of the bank, the bank itself, and the receiver appointed by the comptroller of the currency. The complaint charges the directors with misconduct in making false reports, in appointing incompetent and dishonest officers, in not taking security for the faithful performance of their duties from the officers of the bank, in permitting overdrafts to large amounts without security, by loaning the money of the bank to irresponsible persons without security, and permitting the money and property of the bank to be stolen and wasted, whereby the stock of the bank is rendered worthless and the stockholders rendered liable to assessment for an amount equal to the amount of the stock. The complaint also alleges the failure of the bank to redeem its circulating notes, and the appointment by the comptroller of the defendant Henry Bostwick as receiver ; also, that before the commencement of this action the plaintiff demanded of the receiver that he bring an action against the directors for the causes aforesaid, which demand the receiver refused to comply with ; and further, that the defendants sued in this action as directors are still the directors of 'said bank, and sa'd Bostwick, the receiver, is also one of such directors.

The complaint demands judgment in favor of the plaintiff against the directors for double the value of his stock ; or else, that the receiver recover the damages sustained by all the stockholders, and apply such damages for their benefit in relieving them from liability and loss. .

*E. A. Brewster*, for the appellant.

*Homer A. Nelson*, for certain respondents.

GILBERT, J. :

We are unable to reach the conclusion that courts of the United States have been vested with an exclusive jurisdiction in actions of this kind. The statute which regulates the organization, conduct and management of national banks is a complete system. It forms a part of the law of the land, of each State as much as of the United States. Corporations formed under it may be, and probably in

most instances are, composed of citizens of a single State.   The trusts which the directors of such corporations assume, though undertaken primarily for the benefit of the corporation, yet in reality involve the interests of stockholders.   For the corporation itself is a trustee for the latter.   There is no good reason that I can discover why liabilities growing out of the wrongful acts of the directors of such corporations should not be adjudicated in the State courts, either in actions brought by the corporation, or when the corporation refuses to sue, by the stockholders interested.   I have found nothing in the statute referred to which in express terms takes away the jurisdiction of the State courts, or which grants exclusive jurisdiction to courts of the United States in such cases.   On the contrary, the provisions of the statute which relate to this subject, with a single exception, seem to confer jurisdiction upon State courts and United States courts alike.   The statute is contained in title 62 of the Revised Statutes of the United States, the title of which is "National Banks."   Chapter 1 relates to the organization and powers of such banks; section 5136 of that chapter grants to the corporations formed under it power to sue and be sued in any court of law and equity as fully as natural persons. As, therefore, the corporation may sue in a State court, to enforce the liability of its directors or officers for negligent or tortious acts, it is difficult to perceive why stockholders have not the same right, in case of the default of the corporation to sue.

It is urged, however, that section 5239 of chapter 4 of the title referred to vests exclusive jurisdiction in courts of the United States.   The heading of that chapter is "Dissolution and Re-- ceivership," and it will aid in ascertaining the intention expressed in that section.   (*People* v. *Molyneux*, 40 N. Y., 113; *Bishop* v. *Barton*, 2 Hun, 436, affirmed 64 N. Y., 637.)   We are of opinion that the exclusive jurisdiction conferred by that section is confined to actions brought for the purpose of forfeiting the franchises of the corporation.

But there is not in the complaint before us a sufficient averment of the default of the corporation to sue.   The corporation itself has, as a consequence of the wrongs complained of, been deprived of the power to act; for section 5234 authorizes the comptroller of

the currency to appoint a receiver of a corporation that is in default, and such receiver, under the direction of the comptroller of the currency, is required to collect all claims belonging to the corporation, and the claim set forth in the complaint is such a claim. (§ 5239.)

The complaint avers that a demand was made of the receiver that he prosecute an action against the directors of the bank, &c., and that he neglected and refused to do so. The receiver acted in accordance with his duty. He had no authority to prosecute, except under the direction of the comptroller of the currency. Whether a refusal of the comptroller of the currency to give such a direction would suffice to entitle the stockholders to maintain this action, is a question which is not directly before us. It will be time enough to determine that question after such a demand shall have been made and refused, and the reasons for such refusal shall have been made known. It is sufficient at this time to say that an improper refusal on the part of the comptroller of the currency to prosecute and to direct the receiver to prosecute, would, in our judgment, entitle the stockholders to sue in their own behalf, making the corporation or its representative a party defendant.

We perceive no objection to the order granting an extra allowance, and none has been pointed out. That order must be affirmed, with $10 costs, and the judgment must be affirmed, with costs.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment, and order granting an extra allowance affirmed, with costs.